DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MADSEN MARCELLUS, JR.,**
Appellant,

v.

**KELLIE PETERSON** f/k/a **KELLIE P. MARCELLUS,**
Appellee.

No. 4D2023-2495

[September 3, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Judge; L.T. Case No. FMCE09-00511.

Kathleen K. Peña, Fort Lauderdale, for appellant.

Philip L. Reizenstein and Bhakti Kadiwar of Reizenstein & Kadiwar, PA, Miami, for appellee.

KUNTZ, C.J.

In an earlier appeal in this case, *Marcellus v. Peterson*, 330 So. 3d 573 (Fla. 4th DCA 2021), the former husband appealed a final judgment awarding his former wife $282,105.34 in attorney's fees and costs for inequitable conduct. We affirmed the trial court's determination as to entitlement, but reversed as to the amount of fees because the trial court did not hold an evidentiary hearing and did not make specific findings about the hourly rate and number of hours reasonably expended. This appeal arises from the circuit court's order on remand.

On remand, the circuit court awarded the former wife $481,464.30 in total attorney's fees and costs and $491,861.04 in total unpaid fines. The former husband argues the circuit court exceeded the authority granted by our mandate and instructions in our earlier opinion. We agree.

"This Court has the authority to enforce its mandate," *Ramsay v. State*, 291 So. 3d 963, 964 (Fla. 4th DCA 2020), and the circuit court may not exceed the instructions within the mandate. For example, in *Brennan v. Brennan*, 184 So. 3d 583 (Fla. 4th DCA 2016), the circuit court exceeded its authority in a dissolution proceeding. In an earlier opinion, we had

addressed the equitable distribution of the marital home and instructed the trial court to partition the home. *Id.* at 589. We noted in our earlier opinion that once the trial court made a correct ruling on the home, "the entire scheme of equitable *division* devised by the trial court may need revision." *Id.* On remand, the circuit court re-valued the parties' assets and liabilities. *Id.* We held the re-valuation was error, as our opinion "did not explicitly or implicitly authorize the trial court to reconsider the valuation of any assets or liabilities in the original equitable distribution scheme." *Id.*

This case is similar. Our earlier opinion instructed the circuit court to "conduct an evidentiary hearing and make specific findings as to the hourly rate and number of hours reasonably expended." *Marcellus*, 330 So. 3d at 575. On remand, the circuit court did more. No evidentiary hearing was held because the parties had waived their right to one, agreeing that the court could rule based on the parties' written submissions. The parties also stipulated to the hourly rates for the former wife's attorneys. Therefore, the court's remaining duty was to determine what reasonable hours were expended because of the misconduct. The circuit court considered the reasonable hours expended, but it also added an extra item for evaluation—unpaid fines. So, we reverse the final judgment and remand with instructions to strike the portion of the order that included the unpaid fines. The remainder of the order is affirmed.

*Affirmed in part and reversed in part.*

GROSS and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2